O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#35
Nov. 7 hrg vacated**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0433 PSG (JCx) | Date | November 2, 2011 |
|---|---|---|---|
| Title | James Abbey v. Euro Taxi, LLC, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):            Attorneys Present for Defendant(s):

Not Present                                                        Not Present

**Proceedings:**      **(In Chambers) Order DENYING Plaintiff's Motion for Default Judgment**

Pending before the Court is Plaintiff James Abbey's ("Plaintiff") motion for default judgment. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers submitted in support of the motion, the Court DENIES the motion.

I.    Background

On June 8, 2011, Plaintiff filed a First Amended Complaint against Defendants Euro Taxi, LLC., Dragen Pelic, George Pelic, Aleksandar Stanisick, Craig Smedman, and Milque Stanisick alleging individual and class claims for: (1) failure to pay lawful overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, (2) retaliation, (3) violation of California Labor Code §§ 226, 510, and 588, and (4) unfair competition pursuant to Cal. Bus. & Prof. Code § 17200. *See FAC,* Dkt. #8. On August 22, 2011, the Clerk for the United States District Court for the Central District of California entered default against Defendants Euro Taxi, LLC and Dragen Pelic (collectively, "Defendants"). *See* Dkt. #29. Defendants George Pelic, Aleksandar Stanisick, and Milque Stanisick were dismissed on September 6. *See* Dkt. #31. On September 8, 2011, Plaintiff moved for default judgment on his individual claims against Defendants Euro Taxi, LLC and Dragen Pelic, seeking compensatory, liquidated, statutory and punitive damages, prejudgment interest, and attorney's fees and costs.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#35
Nov. 7 hrg vacated

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-0433 PSG (JCx) | Date | November 2, 2011 |
|---|---|---|---|
| Title | James Abbey v. Euro Taxi, LLC, *et al.* | | |

*See Mot.* 23:10-23.[1]

II. <u>Legal Standard</u>

  Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Federal Rule of Civil Procedure 55(b) and Local Rule 55-1 require that applications for default judgment set forth (1) when and against what party default was entered, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent person, and if so, whether the person is adequately represented, (4) that the War and National Defense Servicemembers Civil Relief Act (50 App. U.S.C. § 521) does not apply, and (5) that notice of the application has been served on the defaulting party, if required. *See* Fed. R. Civ. P. 55(b)(2); L.R. 55-1.

  Ultimately, the choice as to whether a default judgment should be entered is at the sole discretion of the court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default alone does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

  Finally, the Court notes that once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).

III. <u>Discussion</u>

---

[1] Plaintiff indicates in the motion that he does not intend to continue prosecuting the action against the remaining defendants. *See Mot.* 3:10. Craig Smedman is the only remaining defendant other than the two defendants against whom default judgment is sought. *See* Dkt. #31. Accordingly, the Clerk is instructed to dismiss defendant Craig Smedman.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#35
Nov. 7 hrg vacated

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-0433 PSG (JCx) | Date | November 2, 2011 |
|---|---|---|---|
| Title | James Abbey v. Euro Taxi, LLC, *et al.* | | |

Plaintiff has not satisfied the procedural requirements for default judgment pursuant to Fed. R. Civ. P. 55(b) and Local Rule 55-1. Specifically, Plaintiff fails to set forth (1) that the First Amended Complaint is the pleading to which default was entered, (2) that Defendants are not infants or incompetent persons, and (3) that Defendants are not in active military service. *See* Local Rule 55-1; Dkt. #28, 29. Accordingly, the Court declines to consider whether the *Eitel* factors weigh in favor of entering default judgment at this time.

IV. Conclusion

Based on the foregoing, the Court DENIES Plaintiff's motion for default judgment against Defendants without prejudice. Plaintiff has until **November 16, 2011** to re-file his motion correcting the procedural deficiencies identified above. Failure to do so will result in dismissal of the action.

**IT IS SO ORDERED.**