Daniel L. Balsam (State Bar No. 260423)
Email: legal@danbalsam.com
GARBARINI LAW GROUP P.C.
2912 Diamond Street # 218
San Francisco, CA 94131
Phone: (415) 869-2873
Fax: (415) 869-2873

Richard M. Garbarini (admitted *Pro Hac Vice*)
Email: rgarbarini@garbarinilaw.com
GARBARINI LAW GROUP P.C.
420 Lexington Avenue, Suite 2743
New York, NY 10170
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| JAMES ABBEY, on behalf of himself and all other similarly situated employees,<br><br>                Plaintiffs,<br><br>      v.<br><br>EURO TAXI, LLC, a California limited liability company, EURO LIMO, GOOD EARTH LIMO, DRAGAN PELIC aka | **Case No.: 2:11-cv-00433-PSG (CWx)**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC**<br><br>Date: 1/9/2012<br>Time: 1:30 pm<br>Judge: Hon. Philip S. Gutierrez |

1

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

1  DONALD ALEXANDER, an                    )
2  Individual, GEORGE PELIC, an            )
   Individual, CRAIG SMEDMAN, an           )
3  Individual, MILQUE STANISICK            )
   aka MITCH STANISICK, an                 )
4  Individual, ALEKSANDAR                  )
   STANISICK, an Individual, and           )
5  DOES 1-100,                             )
                                           )
6              Defendants.                 )
                                           )
7  _____        )

8  TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:

9      **PLEASE TAKE NOTICE THAT** on above captioned date and time, or as

10 soon as this matter may be heard by the above entitled Court, Plaintiff will present

11 his motion for a default judgment on Plaintiff's First Amended Complaint (Docket

12 #8) on the claims of Retaliation, Overtime, and Liquidated Damages under the

13 FLSA, and the claims of Overtime and Damages under the California Labor Code,

14 against Defendants EURO TAXI, LLC and DRAGAN PELIC.  The hearing will

15 be held on January 9, 2012 at 1:30 pm, or as soon thereafter as Counsel may be

16 heard.  The Hearing will take place at the Los Angeles Division of the California

17 Central District Court in the Courtroom of the Hon. Philip S. Gutierrez, located at

18 255 East Temple St., Los Angeles, CA.

19     On August 22, 2011, the Clerk of the Court entered a default judgment

20 against Defendants EURO TAXI and DRAGAN PELIC. (See Docket No. 29).  At

2

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT
JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST
DEFENDANTS EURO TAXI AND DRAGAN PELIC

the time and place of the hearing, and by the below Memorandum of Points and Authority, Affidavit of the Plaintiff in Support thereof, the pleadings, all documents and evidence already on file in this matter and any other documents or evidence that may be presented, Plaintiff will present proof that Plaintiff is entitled to judgment in the total amounts set forth in detail for each count in the memorandum below.

This default is brought against Defendants DRAGAN and EURO TAXI only.  This matter has been discontinued against the remaining defendants. Pursuant to Local Rule 55-1(c) and (d), DRAGAN is an individual and is not an active member of the military, nor an infant or an incompetent.  EURO TAXI is corporation organized under the laws of California.

## **MEMORANDUM IN SUPPORT**

## I.   **INTRODUCTION**

Defendants EURO TAXI and DRAGAN PELIC ("DRAGAN") failed to pay Plaintiff, a taxicab dispatcher, his lawful overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and California Labor Law §§226 and 510 and harassed, reduced his hours and finally terminated Plaintiff after he made written claims for his unlawfully withheld wages.  For the vast

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

majority of his employment at EURO TAXI, ABBEY worked 60 hours per week, 12 hours per day; however, he was compensated at or less than his regular hourly wage for all hours in excess of 40 per week. ABBEY only worked less than 60 hours per week during periods his hours were reduced in retaliation for making a written claim, in violation of 29 U.S.C. § 201.

Defendants also failed to keep itemized records of employee payment in violation of California Labor Law §226.

ABBEY brings this default in his name only and withdraws all claims on behalf of any similarly situated individuals. This default is brought against Defendants DRAGAN and EURO TAXI only. This matter has been discontinued against the remaining defendants.

## II.   **STATEMENT OF FACTS**

Defendant EURO TAXI is a taxi and limousine service based in Santa Monica, California co-owned by Defendant DRAGAN PELIC. ABBEY Aff. at ¶2. DRAGEN PELIC is also the CEO of EURO TAXI and responsible for the day-to-day activities at EURO TAXI. ABBEY Aff. at ¶ 3. Pursuant to Local Rule 55-1(c) and (d), DRAGAN is not an active member of the military, nor an infant or an incompetent. ABBEY Aff. at ¶¶ 4,5. Defendant EURO TAXI is a corporation

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT
JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST
DEFENDANTS EURO TAXI AND DRAGAN PELIC

organized under the laws of California.  At all relevant times EURO TAXI did not require ABBEY to clock in or out.  ABBEY Aff. at ¶ 6. Defendants also failed to provide Plaintiff with a detachable part of his paycheck, draft or voucher showing ABBEY's regular hours worked.  ABBEY Aff. at ¶ 7.

### August of 2007 through September of 2009

ABBEY was hired on or about August 6, 2007.  ABBEY Aff. at ¶ 1.  From August 6, 2007 through September of 2009, Plaintiff worked 60 hours per week for EURO TAXI.  ABBEY Aff. at ¶ 8.  During this time, Plaintiff was paid at a regular rate of $10.00 per hour.  ABBEY Aff. at ¶ 9.  In order to avoid payroll taxes, DRAGAN and EURO TAXI paid ABBEY $8.00 per hour for 40 hours by check, and $2.00 per hour for 40 hours in cash.  ABBEY Aff. at ¶1 0.  ABBEY also received $10.00 per hour in cash for his 20 hours of overtime.  ABBEY Aff. at ¶ 11.

### October of 2009 to November of 2009

In late September of 2009, Plaintiff complained in writing to Defendant DRAGAN about the unlawful practices regarding overtime compensation. ABBEY Aff. at ¶12.  DRAGAN immediately retaliated against ABBEY and reduced ABBEY's hours from 60 to 40 hours per week from October 2009 through on or about November 27, 2009.  ABBEY Aff. at ¶¶ 13, 14.

5

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

*November of 2009 through March of 2010*

DRAGAN, individually and on behalf of EURO TAXI, restored 8 hours of overtime to ABBEY on or about November 27, 2009.  ABBEY Aff. at ¶15.  From on or about November 27, 2009 through March of 2010, ABBEY was paid, in cash, straight time, or $10.00 per hour, for the 8 hours of overtime he worked per week.  ABBEY Aff. at ¶ 16.

*April of 2010 through November 2, 2010*

From April of 2010 through November 2, 2010, ABBEY's hours were restored to 60 hours per week.  ABBEY Aff. at ¶ 17.  ABBEY's hourly rate of pay was also increased to $12.00 per hour.  ABBEY Aff. at ¶ 18.  ABBEY, however, was paid $10.00 per hour, in cash, for the 20 hours of overtime he worked.  ABBEY Aff. at ¶19.

*November 3, 2010 through January of 2011*

On November 3, 2010, ABBEY served a second notice in writing on Defendants, through his attorneys, regarding Defendants' continued violations of the FLSA and California Labor Code (the "November 2010 Notice".)  ABBEY Aff. at ¶20.  DRAGAN, after receiving the November 2010 Notice, cursed at and threatened ABBEY, both physically and verbally.  ABBEY Aff. at ¶ 21.  DRAGAN also immediately reduced ABBEY's hours from 60 to 40 hours per

6

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

week.  ABBEY Aff. at ¶ 22.  DRAGAN did not reduce the other dispatchers' hours, and DRAGAN told the other dispatchers he would reduce their hours if ABBEY continued with the present lawsuit.  ABBEY Aff. at ¶ 23.  As a result, ABBEY received verbal threats from the other dispatchers.  ABBEY Aff. at ¶ 24.  On January 29, 2011, ABBEY was terminated from EURO TAXI directly due to his filing the original Complaint in this Action.  ABBEY Aff. at ¶ 25.

***January 29, 2011 to Present***

Plaintiff has yet to find employment after his termination from EURO TAXI despite a diligent search for comparable employment.  ABBEY Aff. at ¶¶ 26-27.

III.   **LEGAL ARGUMENT**

1.   **COUNT ONE –   FLSA RETALIATION UNDER 29 U.S.C.  § 215(a)(3)**

The FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3), provides that it shall be unlawful for "any person" to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act. . .."  The elements of a retaliation claim under § 215(a)(3) of the FLSA's anti-retaliation provision are: (1) the plaintiff must have engaged in statutorily protected conduct under § 215(a)(3) of the FLSA, or the employer must have erroneously

7

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

believed that the plaintiff engaged in such conduct; (2) the plaintiff must have suffered some adverse employment action; and (3) a causal link must exist between the plaintiff's conduct and the employment action. See *Singh v. Jutla*, 214 F. Supp. 2d 1056 (N.D. Cal. 1998).

### a. – The Plaintiff Was Engaged In Protected Activity

Filing a written complaint satisfies the statutorily protected conduct requirement of the first element of §215(a)(3).  In September of 2009, Plaintiff complained, in writing, to DRAGAN regarding the overtime violations at EURO TAXI (the "September 2009 Notice").  On Nov. 3, 2010, Plaintiff, through his attorneys, served a second complaint in writing on Defendants regarding Defendant's continued violations of the FLSA and Cal. Labor Code (the "November 2010 Notice").

Each written complaint invoked the protective covenants of the FLSA.

### b. - The Plaintiff Has Suffered Adverse Employment Actions

DRAGAN immediately retaliated against ABBEY after the September 2009 Notice and reduced ABBEY's hours from 60 to 40 hours per week from October 2009 through on or about November 27, 2009.  DRAGAN, individually and on behalf of EURO TAXI, restored only 8 hours of overtime to ABBEY on or about November 28, 2009.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

Both reductions in hours in response to a written complaint are adverse employment actions under the FLSA.

DRAGAN, after receiving the November 2010 Notice, cursed at and threatened ABBEY, both physically and verbally. DRAGAN also immediately reduced ABBEY's hours from 60 to 40 hours per week. DRAGAN did not reduce the other dispatchers' hours, and DRAGAN told the other dispatchers that he would reduce their hours if ABBEY continued with the present lawsuit. As a result, ABBEY received verbal threats from the other dispatchers. On January 29, 2011, DRAGAN terminated ABBEY from EURO TAXI directly due to his making a written complaint. See ABBEY Aff. at ¶¶ 18-23.

The threats and hostile work environment, reduction in hours and termination, were all a direct response to ABBEY making a written complaint, and are adverse employment actions.

### c. – The Adverse Actions Were A Direct Result of Plaintiff's Protected Activity

The third showing required to make out a prima facie case of retaliation is a causal connection between the employee's protected activity and the employer's adverse employment action. *Contreras v. Corinthian Vigor Ins. Brokerage*, 103 F. Supp. 2d 1180 (N.D. Cal. 2000). In general, an adverse action "following close on

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

the heels of protected activity can support an inference of retaliation."

*Knickerbocker v. City of Stockton*, 81 F. 3d 907, 912 (9th Cir. 1996).

There is no doubt that the reduction in hours, immediately after making a written complaint was causally linked to the complaints.  The temporal connection as well as the statements by DRAGAN and threatened violence and termination demonstrate the connection.  This satisfies the third element of a §215(a)(3).

### d. – Remedy for Retaliation

Pursuant to FLSA §216(b)

> Any employer who violates the provisions of §215(a)(3)
> of this title [the anti-retaliation provision] shall be liable
> for such legal or equitable relief as may be appropriate
> to effectuate the purposes of §215(a)(3) of this Title,
> including without limitation, employment,
> reinstatement, promotion, and the payment of wages lost
> and an additional equal amount as liquidated damages.

"The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b).  Courts have interpreted this language to include back-pay, front-pay, prejudgment interest, and attorney's fees and costs.

The Seventh Circuit has explicitly stated that the term "legal" relief in the definition of §216(b), means both punitive and compensatory damages. *Travis v.*

10

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT
JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST
DEFENDANTS EURO TAXI AND DRAGAN PELIC

*Gary Community Mental Health Ctr., Inc.*, 921 F. 2d 108, 111 (7th Cir. 1990). District courts have generally followed the reasoning of the Seventh Circuit.

In *Lambert v. Ackerley*, the Ninth Circuit upheld a punitive damage award that exceeded $4 million to six plaintiffs who prevailed on a wrongful discharge retaliation claim. 180 F. 3d 997, 1011 (9th Cir. 1999). The Court also held that an award of $75,000 to all six plaintiffs in compensatory damages was appropriate. *Id.*

In the present case, Defendants committed willful and wanton retaliation against Plaintiff. Moreover, Plaintiff should be awarded legal relief in the form of back pay, front-pay, prejudgment interest, punitive damages, compensatory damages, and attorney's fees and costs pursuant to §216(b).

ABBEY is owed back-pay for the retaliation as set forth in Table 1.

## TABLE 1 – BACK PAY

| Retaliation Period | Weekly Hours | Reduction in Weekly Hours | Number of Weeks | Lawful OT Hourly Pay Rate | Lost Back-Pay |
|---|---|---|---|---|---|
| 9/2009 – 11/2009 | 40 | 20 | 8 | $15 | $2,400 |
| 11/2009 – 3/2010 | 48 | 12 | 20 | $15 | $3,600 |
| 11/2010 – 1/2011 | 40 | 20 | 11 | $18 | $3,960 |
| Total | | | | | $9,960 |

11

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

ABBEY was terminated on January 29, 2011 and has still not been successful in finding employment. As of the date of this brief he has been out of work for 30 weeks and is owed front pay as follows:

### TABLE 2 – FRONT PAY

| Time Period | Weekly Hours | Number of Weeks | Hourly Rate | Lost Front-Pay |
|---|---|---|---|---|
| 1/29/2011 – 9/2011 | 40 | 30 | $12 | $14,400 |

Plaintiff respectfully requests $100,000 in punitive damages for the abuse and threatened physical violence ABBEY was forced to endure as well as his termination as a result of filing a written claim. This is an employer that will go to any lengths, including violence, to stifle a claim under the FLSA. If any circumstances are worthy of punitive damages, it is the circumstances here.

2. **COUNT TWO – FLSA OVERTIME**

***Plaintiff is entitled to judgment on his overtime claims***

"Where an employer failed to maintain accurate payroll records an employee carries his burden under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference.'" *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Brock v. Seto*, 790 F. 2d 1446,

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

1448 (9th Cir. 1986); *see also McLaughlin v. Seto*, 850 F. 2d 586 (9th Cir. 1988). Plaintiff meets his burden if he (1) "shows he performed work for which he was improperly compensated" and (2) "produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference'". *Id.*

The burden shifting scheme set out in *Anderson* has been adopted by California courts. *See Hernandez v. Mendoza*, 199 Cal. App. 3d 721, at 727 (Cal. App. 2nd 1988)("Once an employee shows that he performed work for which he was not [properly] paid, *the fact of damage is certain; the only uncertainty is the amount of damage*.")(*emphasis added*).

In deciding the amount of damages, the Court will make an award of overtime wages to the Plaintiff so long as Plaintiff is able to submit evidence that support the damages claimed as a "mater of just and reasonable inference." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946); *Brock v. Seto*, 790 F. 2d 1446, 1448 (9th Cir. 1986); *see also McLaughlin v. Seto*, 850 F. 2d 586 (9th Cir. 1988). Under the *Anderson/Hernandez* decisions the testimony of the Plaintiff standing alone is sufficient to form a basis for these damages. See *Brock v. Seto*, 790 F. 2d 1446 (9th Cir. 1986).

The statute of limitation for cases involving an intentional violation under the FLSA is three years pursuant to 29 U.S.C. § 255. A violation is willful if the

13

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

employer knew its conduct violated the FLSA or recklessly disregarded whether it was violating the FLSA. *Chao v. A-One Med. Servs.*, 346 F.3d 908 (9th Cir. 2003). "An employer need not knowingly have violated the FLSA; rather, the three-year term can apply where an employer disregarded the very 'possibility' that it was violating the statute although [the court] will not presume that conduct was willful in the absence of evidence." *Id*. at 908-09

In the matter at bar, Defendants have failed to keep and maintain an accurate record of Plaintiff's working hours and Plaintiff has shown he performed overtime work, which was improperly paid. ABBEY Aff. at ¶¶ 1-23. Plaintiff's affidavit provides a basis for the alleged damages, as the Plaintiff has provided a sworn statement in support of his overtime claims without rebuttle.

**a.  - Remedy**

Should the Court find Defendants failed to properly pay overtime, the Court must then fix the amount of overtime wages due, "even though the result be only approximate". *Aguiar v. Cintas Corp*. No. 2, 144 Cal. App. 4th 121 (2006).  To calculate the overtime wages due, the number of weeks is multiplied by the average overtime hours per week worked, times the Plaintiff's regular rate of pay, times 1.5 (the overtime premium amount).  The resulting amount of damages due

---

14

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

the Plaintiff is recorded in TABLE 3 at the conclusion of this section, in the

column marked "Total Underpayment".

From June 6, 2008 (3 years prior to the filing of this complaint) through

September 2009, ABBEY should have lawfully been paid $15.00 per hour in

overtime, not straight time at $10.00 per hour.  ABBEY is lawfully owed $5.00 per

hour for the 20 hours per week he worked for the 67 weeks in this period, or

$6,700.

From November of 2009 through March of 2010, ABBEY should have

lawfully been paid $15.00 per hour in overtime, not straight time at $10.00 per

hour.  ABBEY is lawfully owed $5.00 per hour for the 8 hours of overtime he

worked per week for the 20 weeks in this period, or $800.

From April 2010 through November of 2010, ABBEY should have lawfully

been paid $18.00 per hour for all overtime hours, not $10.00 (less than even his

hourly rate.)  ABBEY is lawfully owed $8.00 per hour for the 20 hours per week

he worked for the 28 weeks in this period, or $4,480.

### TABLE 3 – OVERTIME WAGES (FLSA)

| Pay Period | No. of Weeks | Weekly Overtime Hours | Hourly OT Underpayment | Total Underpayment | FLSA Liquidated Damages |
|---|---|---|---|---|---|
| 6/2008- 9/2009 | 67 | 20 | $5 | $6,700 | $6,700 |
| 11/2009 - 3/2010 | 20 | 8 | $5 | $800 | $800 |

15

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT
JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST
DEFENDANTS EURO TAXI AND DRAGAN PELIC

| 4/2010 - 11/2010 | 28 | 20 | $8 | $4,480 | $4,480 |
| Total: | | | | $11,980 | $11,980 |

### 3.     COUNT THREE –  FLSA LIQUIDATED DAMAGES UNDER 29 U.S.C. § 216(b)

***Plaintiff is entitled to damages in an amount equal to overtime due***

The FLSA, at 29 U.S.C. § 216(b) mandates an award of liquidated damages for unpaid overtime. *King v Board of Education*, 435 F. 2d 295 (1970).  This is so, unless the employer establishes to the satisfaction of the Court that (i) its failure to pay required overtime is in good faith, and (ii) it had reasonable ground to believe that his act or omission was not in violation of FLSA. *McClanahan v. Mathews,* 440 F. 2d 320 (1971).  In *Service Employees Int'l Union, Local 102 v. County of San Diego*, 784 F. Supp. 1503, 1507 (S.D. Cal. 1992), the Court held that the

> FLSA provides that an employer who violates the minimum wage or maximum hour provisions 'shall be liable for . . . the payment of wages lost and an equal amount as liquidated damages'. 29 U.S.C. § 216(b). Liquidated damages are not penal in nature, but instead 'constitute compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages'.  As a result, in an FLSA case, "double damages are the norm, single damages the exception.

16

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

*(citing Watson v. United Consumers Club, Inc*., 786 F. 2d 303, 310 (7th Cir. 1986)).

### a. - Remedy

Defendants in the action have wantonly failed to provide Plaintiff overtime wages due for the relevant time period and as such "shall be liable for ... the payment of wages lost and an equal amount as liquidated damages". 29 U.S.C. § 216(b).  As FLSA damages are equal to the amount of unpaid overtime during the relevant period, the amount due under the FLSA is the same as that due for overtime.  The resulting amount of damages due to the Plaintiff is recorded in TABLE 3 above, in the column marked "FLSA Liquidated Damages".

### 4.   COUNT FOUR – FAILURE TO PAY OVERTIME PURSUANT TO CAL. LABOR CODE §1194

***Plaintiff is entitled to overtime compensation, reasonable attorney's fees and costs of suit***

California Labor Code Section 1194(a) states that "any employee receiving less than ... the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this ... overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit". *See Cal. Labor Code § 1194*.  "Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek must be

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." *See Cal. Labor Code § 510(a).*

### a.  - Remedy

The only evidence before the Court is the sworn declaration by Plaintiff stating that he worked 60 hours per week for the majority of his tenure at EURO TAXI. ABBEY Aff. at ¶¶ 1-23.  However, as stated above, the Court will not penalize Plaintiff for being imprecise or approximate in this evidence due to the fact that this was solely caused by the Defendant's failure to adequately maintain records. *See Ulin v. Alaea-71, Inc.,* 2011 U.S. Dist. LEXIS 17468, 38 (N.D. Cal.,)(approximating overtime damages where very few records were kept).  The burden is on Defendant to bring forth record evidence, and since Defendants have failed to appear in this litigation, Plaintiff's evidence stands unrefuted.  The Court can reasonably infer Plaintiff worked at least 20 hours of overtime per week.

To calculate overtime wages due, the Court first looks to the overtime compensation rate of each Plaintiff (1.5 times the standard pay rate) and multiplies that rate by the number of unpaid overtime hours.  The amount is laid out in TABLE 4.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

## TABLE 4 – OVERTIME WAGES (CA)

| Pay Period | No. of weeks | Weekly Overtime Hours | Hourly OT Underpayment | Total Underpayment |
|---|---|---|---|---|
| 8/2007- 9/2009 | 100 | 20 | $10 | $10,000 |
| 11/2009 - 3/2010 | 20 | 8 | $10 | $800 |
| 4/2010 - 11/2010 | 28 | 20 | $10 | $4,480 |
| Total: | | | | $15,280 |

## 5.    COUNT FIVE – DAMAGES UNDER CAL. LABOR CODE § 226

Section 226, generally speaking, requires employers to provide employees with detailed itemized wage statements, each and every pay period, and to store those statements for a period of 3 years. Cal. Lab Code §226(a).  The section further provides "[a]n employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) [the wage statement requirements] is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees." Cal Lab Code §226(e).  Plaintiff contends that Defendant failed to provide wage statements pursuant to §226, that the failure was intentional, that he had suffered harm thereby and that therefore he is entitled to the prescribed penalties as a result.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

It is not even necessary to discuss the compliance or lack thereof with this portion of §226 as Defendant failed to keep records or furnish Plaintiff with pay stubs.

**a. - Remedy**

As stated previously, § 226 provides a remedy to employees for an employer's failure to provide wage statements where this failure was knowing and intentional. Cal. Lab. Code §226. To be clear, this *does not* mean that an employer must be *aware* of his obligations under §226; Ignorance of the requirements of §226 is no defense to Plaintiff's claim. *Perez v. Safety-Kleen Systems, Inc.*, 2007 WL 1848037 (N.D. Cal. 2007) (*employer's claimed ignorance of provisions of Section 226 no excuse for violation*)(citing *Wang v. Chinese Daily News, Inc.*, 435 F.Supp. 2d 1042 (C.D. Cal.2006)). Important for the purposes of §226 is only the employer's awareness of the inaccuracy or incompleteness of the statements issued. *See again the discussion in Perez and in Wang* (Determinative factor was knowledge that hours contained on pay statement were inaccurate).

In this case, the Defendants failed to provide ABBEY at the time of the payment of wages with a detachable part of the check, draft or voucher paying the employee's wages which showed the gross wages earned and total hours worked, as required by Cal. Labor Code §226. ABBEY Aff. at ¶5. Defendants then

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

knowingly and intentionally furnished Plaintiff with pay stubs that did not accurately reflect all the information required by §226.

Finally, §226 requires that an employee "suffer injury" by the employer's failure to provide accurate itemized wage statements. The particular type of injury Plaintiff must show need not be tangible or economically quantifiable. The various types of injury recognized by the Court as a result of a violation of §226 include "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours worked." *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169 (C.D. Cal., 2008) (citing *Zavala v. Scott Bros. Dairy, Inc.*, 143 Cal. App. 4th 585, 49 Cal. Rptr. 3d 503 (2006); *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042 (C.D. Cal. 2006).

Plaintiff has suffered, and continues to suffer, the type of injury described above. This could not be clearer. Plaintiff, without being provided with accurate and complete wage statements was left to his own devices to determine if the wages he received were in fact sufficient to compensate him for his hours worked. Finally, and most critically, Plaintiff was left without accurate documentation of

21

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

his working hours, and has no way to objectively show his entitlement to regular hours or overtime in any given period.

In fact, as much of this dispute centers around the wage agreement between the parties, "this lawsuit, and the difficulty and expense Plaintiff [has] encountered in attempting to reconstruct time and pay records, is further evidence of the injury suffered as a result of [Defendant's non-compliant] wage statements." *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, at 1050 (C.D. Cal. 2006).

This amount due is calculated, per the statute, by applying the statutory penalty of $50 for the first week and $100 for each week thereafter, based on the number of unpaid weeks as calculated previously.  The resulting amount of damages due the Plaintiff is recorded in TABLE 5 at the conclusion of this section, in the column marked "Statutory Damages Under Cal. Labor Code §226".

### TABLE 5 – STATUTORY DAMAGES UNDER CAL. LABOR CODE SECTION 226

| Time Period | Work Weeks Without Wage Statements | Statutory Damages under Cal. Labor Code §226 |
|---|---|---|
| 8/2007 – 1/2011 | 166 | $4,000 (max aggregate penalty) |

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

**Count 6 – Dragan Pelic is Jointly Liable**

Only "employers" are liable for violations of the FLSA. The FLSA defines an "employer" to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). Under Ninth Circuit precedent, this definition should "be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes." *Lambert v. Ackerley*, 180 F.3d 997, 1011-12 (9th Cir. 1999). An individual may be personally liable for FLSA violations if he or she "exercises control over the nature and structure of the employment relationship," or "economic control over the relationship." *Boucher v. Shaw*, 572 F.3d 1087, 1091 (9th Cir. 2009). In *Lambert v. Ackerly* the Court held that individual managers may in certain circumstances be held liable under the FLSA as employers. 180 F.3d 997 (9th Cir. 1999).

Defendant DRAGAN is the only co-owner of EURO TAXI that exerted any control of the company. DRAGAN is not active member of the military, nor an infant or an incompetent. He was responsible for the day-to-day activities, as well as the FLSA violations and all aspects of the retaliation against Plaintiff. DRAGAN must be held liable in his individual capacity in order to effectuate the policies of the FLSA.

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

## IV.    **CONCLUSION**

For the foregoing reasons the Plaintiff respectfully asks that the Court enter judgment against Defendants DRAGAN PELIC and EURO TAXI, jointly and severally, as follows:

1.    COUNT ONE – FLSA RETALIATION UNDER 29 U.S.C. § 215(a)(3) for back-pay in the amount of $9,960, front-pay in the amount of $14,400, prejudgment interest, attorney's fees and costs and punitive damages in the amount of $100,000;

2.    COUNT TWO – FLSA OVERTIME in the amount of $11,980;

3.    COUNT THREE –  FLSA LIQUIDATED DAMAGES UNDER 29 U.S.C. § 216(b) in the amount of $11,980;

4.    COUNT FOUR – FAILURE TO PAY OVERTIME PURSUANT TO CAL. LABOR CODE §1194 in the amount of $15,280 less the FLSA damages for a total of $3,260;

5.    COUNT FIVE - STATUTORY DAMAGES UNDER CAL. LABOR CODE SECTION 226 in the amount of $4,000;

6.    Attorneys' fees and costs of this action; and,

7.    For such other and further relief as this Court finds just and proper.

Dated:  November 15, 2011

_____
/s/ Richard M. Garbarini
Richard M. Garbarini (admitted *Pro Hac Vice*)
GARBARINI LAW GROUP P.C.
501 Fifth Ave,  Suite 1708
New York, New York
Phone: (212) 300-5853
Fax : (888) 265-7054

24

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC

Daniel L. Balsam (State Bar No. 260423)
GARBARINI LAW GROUP P.C.
3145 Geary Blvd. #225
San Francisco, CA 94118
Phone: (415) 869-2873
Fax: (415) 869-2873

*Attorneys for Plaintiff*

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT
JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST
DEFENDANTS EURO TAXI AND DRAGAN PELIC

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2011, I electronically transmitted the following document(s) to the U.S. District Clerk of the Court using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants in this matter:

**1. PLAINTIFF'S MOTION AND NOTICE OF MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC.**
**2. AFFIDAVIT OF PLAINTIFF JAMES ABBEY.**
**3. [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC.**

_/s/ Daniel L. Balsam_____
Daniel L. Balsam

I certify that I transmitted by Certified mail a copy of the above-documents to Dragan Pelic and Euro-Taxi at the following addresses:

Dragan Pelic                      Dragan Pelic
2928 Santa Monica Blvd, #B        953 4th St #103
Santa Monica, CA. 90403          Santa Monica CA 90403

EURO TAXI                         EURO TAXI
2928 Santa Monica Blvd, #B        953 4th St #103
Santa Monica, CA. 90403          Santa Monica CA 90403

_/s/ Richard Garbarini_____
Richard Garbarini

26

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR A DEFAULT JUDGMENT ON THE FIRST AMENDED COMPLAINT AGAINST DEFENDANTS EURO TAXI AND DRAGAN PELIC